UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
THE UNITED STATES OF AMERICA,      :
       :
       :
    -against–        :    Case #: 1:19-cr-00408-MKB(5)
       :
ISKYO ARONOV,       :
MICHAEL KONSTANTINOVSKIY,     :
TOMER DAFNA, AVRAHAM TARSHISH   :
And MICHAEL HERSKOWITZ,     :
       :
     Defendants.     :
----------------------------------------------------------x

## AFFIRMATION IN SUPPORT OF  MOTION TO DISMISS AND MEMORANDUM OF LAW

TODD D. GREENBERG, ESQ., affirms upon the penalties of perjury the following:

1.    Affiant is an Attorney-at-Law duly admitted to practice before the Courts of this State New York and the Eastern District of New York and submits this Affirmation and Memorandum of Law in support of this Motion pursuant to Federal Rule of Criminal Procedure 12 (b)(2) to dismiss the Indictment.

2.    The two primary functions of an Indictment are to inform an accused of the charges against him so that he may prepare his defense and to avoid double jeopardy. Berger v. United States, 295 U.S. 78, 82, 55 S. Ct. 629, 79 L.Ed. 1314.

3.    An Indictment  satisfies Rule 7(c)(1)—and thus the requirements of the Fifth and Sixth Amendments—if it " 'first, contains the elements of the offense charged and fairly informs a Defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.' " United States v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013) (quoting Hamling v. United States, 418

U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)); see also United States v. Lee, 833 F.3d 56, 67-68 (2d Cir. 2016) (stating that an Indictment's failure to allege an element of the charged offense is a constitutional violation).

4.      It is Mr. Herskowitz' position that the Indictment, even combined with the discovery provided to date, does not provide sufficient Notice, as required by the Constitution, of the conduct for which the Government seeks to hold him criminally liable. Further, even a bill of particulars (which, in any event, the Government has steadfastly resisted providing), would not be sufficient to cure this deficiency.

5.      Defendant Herskowitz is charged in a five-Defendant Indictment arising from alleged fraudulent short sales of real estate.  The Indictment is a "Speaking Indictment ", running to 34 pages and providing extensive detail about the goals of the alleged conspiracy and the roles of the other four Defendants.  But when it comes to Mr. Herskowitz, the "Speaking Indictment" is suddenly silent.

6.      Mr. Herskowitz – who is named last in the caption – is mentioned only a few times in the body of the Indictment, and even then, mostly by way of conclusory boilerplate allegations.  He is introduced at paragraph 5 with the following text:

> The Defendant MICHAEL HERSKOWITZ was a resident of Brooklyn, New York. He was a New York-licensed attorney who represented parties involved in real estate transactions.

7.      The next mention of him is at paragraphs 18-19, in which the Indictment alleges in conclusory fashion that the five Defendants, including Mr. Herskowitz, "worked both together and separately to purchase hundreds of properties at fraudulently depressed prices and then resell or 'flip' the properties for huge profits," and that "Defendant MICHAEL HERSKOWITZ was a real estate attorney who assisted the Short Sale Co-

Conspirators" in completing "certain" of the transactions at issue.  But then he is not mentioned again until the very end of the part of the Indictment that details how the alleged conspiracy worked – paragraph 25 – and this mention too consists of a conclusory statement that he "worked on" some of the sales.

8.      The section of the Indictment that details specific transactions does not provide further enlightenment.  Mr. Herskowitz is not mentioned at all in connection with the alleged 175 Vernon Avenue, 1319 Jefferson Avenue, 1055 Herkimer Street, 177 Lewis Avenue and/or 65 Glen Street sales.  (Indictment, ¶¶ 27, 29, 30, 31, 33).

9.      As to the 1219 Jefferson Avenue sale, the only mention of Mr. Herskowitz is that he participated in the closing by wiring the loan payoff amount to the servicer's bank account (id., ¶ 28(d)), and as to 2403 Dean Street, he is likewise alleged to have wired the payoff amount and sale proceeds to two bank accounts on the date of closing (id., ¶ 32(f)). Notably, Mr. Herskowitz is *not* alleged to have participated in the actual arrangements for either the 1219 Jefferson or 2403 Dean sales, which the Indictment makes clear were done exclusively by co-Defendants Tarshish, Dafna and Aronov.  (Id., ¶¶ 28, 32).

10.      The remainder of the Indictment simply lists him as a co-conspirator in the two counts of Conspiracy to Commit Wire Fraud and Bank Fraud (id., ¶¶ 37, 39) and in three of the five substantive Wire Fraud counts (id., ¶ 42).

11.      Notably, these counts, insofar as alleged against Defendant Herskowitz, are inconsistent with the factual recitation of the Indictment.  In particular, the factual recitation indicates that Mr. Herskowitz was *not* a participant in the so-called My Ideal Property ("MIP") scheme and that he is named only in conjunction with the alleged Exclusive Homes

scheme (id., ¶ 25), but he is charged in Count One, which alleges the MIP conspiracy, as well as Count Two, which alleges the Exclusive Homes conspiracy (id., ¶¶ 36-39).

12.     Likewise, Mr. Herskowitz is charged in Count Six – the substantive wire fraud count relating to the 177 Lewis Avenue sale – even though the factual portion of the Indictment indicates that he was not involved in that sale (compare id., ¶ 31 with id., ¶ 42).

13.     In sum, Mr. Herskowitz is charged in Counts One and Six even though the Indictment contains *no* factual allegations supporting his involvement in either count and makes clear that he was not involved in these counts.

14.     As to Counts Two, Four and Seven, the Indictment alleges only that he wired payoff and/or proceeds funds at the closing after all the arrangements for the sale had been made by others.  Nowhere in the Indictment is it alleged that he participated in *or even that he was told of* the short sale arrangements – instead, the allegations are that he simply showed up at the closing and conducted funds transfers as any closing agent would. Essentially, the government is making a guilt-by-association argument – that because Mr. Herskowitz was involved at the end of two of the transactions, he *must* somehow have known of, and partaken in, any fraudulent misrepresentations that had been made by others at earlier dates.

15.     There is not one allegation in the Indictment that Mr. Herskowitz arranged any short sales, provided any misinformation and/or withheld information from any lender, and/or that he was informed of such misinformation and/or withholding by others. The Indictment alleges conduct that is performed by every closing agent who wires proceeds of closings. For these reasons, Mr. Herskowitz submits that the Indictment should be dismissed as against him.

16.     Defendant is of course aware that "[f]or purposes of evaluating a motion to dismiss an Indictment, all well-pleaded allegations are to be taken as true."  United States v. Eichman, 756 F. Supp. 143, 145 (S.D.N.Y. 1991), citing United States v. South Florida Asphalt Co., 329 F.2d 860, 865 (5th Cir. 1994).  But the converse is also true – conclusory, boilerplate allegations in an Indictment need *not* be accepted as true, and indeed, conclusory statements in an Indictment may *not* sustain the charges where the detailed factual allegations are to the contrary.  See United States v. Gabriel, 920 F. Supp. 498, 506 (S.D.N.Y. 1996), citing Papasan v. Allain, 478 U.S. 265, 283 (1986).  "It is one thing to accept a facially sufficient Indictment at face value; but it would be quite another to allow broad conclusory allegations to override more particularized allegations of the same thing." Gabriel, 920 F. Supp. at 506.  Moreover, an Indictment must also "set [] forth the elements of the offense n sufficient detail to provide the Defendant with notice of the charges against him." Eichman, 756 F. Supp. at 146.

17.     Here, the boilerplate allegations that Mr. Herskowitz was part of the MIP conspiracy and that he participated in a fraudulent scheme with respect to the 177 Lewis sale are contradicted by the well-pleaded factual allegations of the same Indictment which make clear that these schemes were carried out exclusively by others.  In the absence of *any* well-pleaded allegations linking Mr. Herskowitz to either scheme, there is no basis to go forward on Counts Two and Six.

18.     As to Counts One, Four and Seven, the Indictment does contain at least some relevant factual allegations – but again, these factual details do not support – and in fact contradict – the boilerplate allegations that Mr. Herskowitz was a knowing and culpable participant in the Exclusive Homes conspiracy and/or that he was part of a fraudulent scheme

in connection with the 1219 Jefferson and 2403 Dean sales.  The Indictment shows in detail how all the arrangements for the sales at issue, including any and all false representations and/or acts of fraudulent concealment, were made by other Defendants who worked in different offices from Mr. Herskowitz.  There are no allegations of any communications between Mr. Herskowitz and his co-Defendants that would suggest guilty knowledge, a conspiratorial agreement, and/or a complicit mens rea.  The well-pleaded allegations of the Indictment add up to nothing more than Mr. Herskowitz being present at the closing and acting as closing agent.

> "A Defendant's mere presence at the scene of a crime, his general knowledge of criminal activity, or his simple association with others engaged in a crime are not, in themselves, sufficient to prove the Defendant's criminal liability for conspiracy." United States v. Anderson, 747 F.3d 51, 61 (2d Cir. 2014), citing United States v. Ogando, 547 F.3d 102, 107 (2d Cir. 2008).

Here, that is all the well-pleaded allegations of the Indictment show – that Mr. Herskowitz was present at the closing and was associated with his co-Defendants. The allegations do not show that his participation in the closings was with any kind of guilty knowledge.  And although a Defendant's participation in a conspiracy may be based on a "tacit understanding" rather than an explicit agreement, see Anderson, 747 F.3d at 61, quoting United States v. Nusraty, 867 F.2d 759, 763 (2d Cir. 1989), in this case, the factual detail in the Indictment negates any inference of even an implicit understanding.  Boilerplate allegations cannot overcome what is clear from the Government's extensive factual pleadings – that Mr. Herskowitz was a closing agent and nothing more, who was used by his co-Defendants rather than being a partner in crime with them.  The "well-pleaded" rule thus

does not save the Indictment in this case, and all counts against Mr. Herskowitz should be dismissed.

19.     Finally, even if this Court were to grant the Defendants' pending joint motion for a bill of particulars, that would not resolve the deficiencies in the charges against Mr. Herskowitz.  The particulars sought by the Defendants pertain to which transactions, out of the thousands that are shown by the government's discovery, are alleged to have been fraudulent short sales.  But even if Mr. Herskowitz obtains this information, it will still not tell him *how* he is alleged to have been a knowing and complicit participant in those sales.  A bill of particulars will not show how Mr. Herskowitz was anything more than an unknowing dupe, nor will a bill of particulars reveal the basis of any conspiratorial agreement, even a tacit one.

20.     Therefore, Mr. Herskowitz has been irreparably deprived of his due process right to Notice of the criminal acts he is alleged to have committed.  There is no remedy other than dismissal that would suffice to vindicate this right.

21.     It is therefore respectfully requested that this Honorable Court dismiss the Indictment for the reasons stated herein.

22.     **WHEREFORE**, it is respectfully requested that that the Relief sought herein be granted.

Dated: Forest Hill, New York
        April 29, 2021

Respectfully submitted,

Todd D. Greenberg. Esq.

cc: Clerk of the Court (MKB)
All Counsel (By ECF)