DCP:SCJ
F:#2017R01691

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

                                                      19 CR 408 (MKB)

    - against -

ISKYO ARONOV,
MICHAEL KONSTANTINOVSKIY,
TOMER DAFNA,
AVRAHAM TARSHISH and
MICHAEL HERSKOWITZ,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT HERSKOWITZ'S MOTION TO DISMISS THE INDICTMENT

                                                   MARK J. LESKO
                                                   Acting United States Attorney
                                                   Eastern District of New York
                                                   271 Cadman Plaza East
                                                   Brooklyn, New York 11201

SHANNON C. JONES
JOHN VAGELATOS
Assistant U.S. Attorneys
(Of Counsel)

## PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in response to the defendant Michael Herskowitz's motion to dismiss the Indictment in the above-captioned case, as set forth in the Herskowitz's Affirmation in Support of Motion to Dismiss and Memorandum of Law filed on April 29, 2021 (the "Herskowitz Mem."), see ECF Docket No. 175. Herskowitz moves to dismiss the Indictment on the grounds that the Indictment "fails to give Notice of the criminal acts allegedly committed as required by Due Process of Law" pursuant to Rule 12(b)(2), (3)(B)(v) of the Federal Rules of Criminal Procedure. Id. For the reasons set forth below, Herskowitz's motion should be denied.

## I. Background

### a. The Indictment

On September 6, 2019, the Indictment was unsealed which alleged that, in or about and between December 2012 and January 2019, Iskyo Aronov, Michael Konstantinovskiy, Tomer Dafna, Avraham Tarshish and Michael Herskowitz (collectively, the "defendants") conspired to defraud lenders and certain borrowers (collectively, the "Short Sale Victims") by providing them with false, misleading and incomplete information to induce them to execute short sales at fraudulently depressed prices, thereby causing losses to the lenders and, at times, the borrowers (the "Short Sale Scheme"). The defendants and their co-conspirators (collectively, the "Short Sale Co-Conspirators") worked both together and separately to purchase hundreds of properties at fraudulently depressed prices and then resell or "flip" the properties for large profits. The Indictment alleged that the Short Sale Scheme originated at My Ideal Property Inc. ("MIP"), a real estate development company under the control of Aronov, (the "MIP Scheme"), and that the scheme was later replicated by Tarshish and Dafna at companies

they later created known as Exclusive Homes Realty Group Inc., Exclusive Homes NY, LLC (collectively, "Exclusive Homes") and Homeowners Solutions Group LTD ("Homeowners Solutions"), (the "Exclusive Homes Scheme").

The Indictment specifically referenced the role in the Short Sale Scheme played by the defendant. As alleged in the Indictment:

> The Short Sale Scheme originated at MIP under the direction of the defendant ISKYO ARONOV with the assistance of the defendants MICHAEL KONSTANTINOVSKIY and AVRAHAM TARSHISH, Short-Sale Co-Conspirators 1, 2 and 3, and others. TARSHISH and the defendant TOMER DAFNA then replicated the Short Sale Scheme at Exclusive Homes with the assistance of Short-Sale Co-Conspirator 2 and others. **The defendant MICHAEL HERSKOWITZ was a real estate attorney who assisted the Short-Sale Co-Conspirators in completing certain fraudulent short sale transactions originated by both MIP and Exclusive Homes**.

Ind. ¶ 19 (emphasis added).

As described in the Indictment, when the Short Sale Co-Conspirators submitted documentation to obtain approval for a short sale, they provided false, misleading, and incomplete information to the lender or loan servicer. Among other things, in the required short sale affidavit and transaction documents, the Short Sale Co-Conspirators did not disclose when payments had been made to the borrower, that the property was not marketed as required and that the agents for the borrower and purchaser were affiliated by commercial enterprise with the buyer. Furthermore, the Short Sale Co-Conspirators did not disclose all the past and future payments, including fees and commissions, paid to the Short Sale Co-Conspirators in connection with the short sale.

The Indictment alleged that that the Short Sale Co-Conspirators, including Herskowitz, "worked both together and separately to purchase hundreds of properties at

2

fraudulently depressed prices and then resell or 'flip' the properties for large profits." Ind. ¶ 18. Seven examples of short sale transactions executed by the Short Sale Co-Conspirators as part of the Short Sale Scheme are described (Ind. ¶¶ 26-33), including the short sales that involved the wire transfers charged as substantive wire fraud counts in Counts Three through Seven.

The Indictment charged all five defendants, including Herskowitz, with conspiracy to commit wire and bank fraud, in violation of Title 18, United States Code, Sections 1349 and 3551 et seq., in connection with the MIP Scheme (Count One) and the Exclusive Homes Scheme (Count Two), as follows:

Count One:

> In or about and between March 2013 and December 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ISKYO ARONOV, also known as "Isaac Aronov," MICHAEL KONSTANTINOVSKIY, also known as "Michael Kay," TOMER DAFNA, AVRAHAM TARSHISH, also known as "Avi Tarshish," and MICHAEL HERSKOWITZ, together with others, did knowingly and intentionally conspire (a) to devise a scheme and artifice to defraud one or more of the Short Sale Victims, which included financial institutions, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343; and (b) to execute a scheme and artifice to defraud one or more financial institutions, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of, such financial institutions, by means of one or more materially false and fraudulent pretenses, representations and promises, in connection with the MIP Scheme, contrary to Title 18, United States Code, Section 1344.

Ind. ¶¶ 36-37.

Count Two:

> In or about and between January 2014 and November 2018, both

> dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ISKYO ARONOV, also known as "Isaac Aronov," MICHAEL KONSTANTINOVSKIY, also known as "Michael Kay," TOMER DAFNA, AVRAHAM TARSHISH, also known as "Avi Tarshish," and MICHAEL HERSKOWITZ, together with others, did knowingly and intentionally conspire (a) to devise a scheme and artifice to defraud one or more of the Short Sale Victims, which included financial institutions, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343; and (b) to execute a scheme and artifice to defraud one or more financial institutions, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of, such financial institutions, by means of one or more materially false and fraudulent pretenses, representations and promises, in connection with the Exclusive Homes Scheme, contrary to Title 18, United States Code, Section 1344.

Ind. ¶¶ 38-39.

Certain defendants, including Herskowitz, also were charged with different substantive counts of wire fraud related to specific short sale transactions, in violation of Title 18, United States Code, Sections 1343, 2 and 3551 et seq. (Counts Three through Seven). Specifically, Herskowitz was charged in Counts Four, Six and Seven as follows:

> In or about and between March 2013 and November 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ISKYO ARONOV, also known as "Isaac Aronov," MICHAEL KONSTANTINOVSKIY, also known as "Michael Kay," TOMER DAFNA, AVRAHAM TARSHISH, also known as "Avi Tarshish," and MICHAEL HERSKOWITZ, together with others, did knowingly and intentionally devise a scheme and artifice to defraud one or more of the Short Sale Victims, which included financial institutions, in connection with the Short Sale Scheme, including the MIP Scheme and the Exclusive Homes Scheme, to obtain money and property

4

from them by means of materially false and fraudulent pretenses, representations and promises.

On or about the dates set forth below, for the purpose of executing such scheme and artifice, the defendants ISKYO ARONOV, MICHAEL KONSTANTINOVSKIY, TOMER DAFNA, AVRAHAM TARSHISH and MICHAEL HERSKOWITZ, together with others, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, as set forth below:

| COUNT | DEFENDANTS | APPROX. WIRE DATE | SCHEME(S) | DESCRIPTION |
|---|---|---|---|---|
| FOUR | ARONOV, DAFNA, TARSHISH and HERSKOWITZ | July 22, 2014 | MIP Scheme and Exclusive Homes Scheme | Interstate bank wire transfer of $252,755.00 related to the short sale of 1219 Jefferson Avenue, Brooklyn, New York |
| SIX | ARONOV, DAFNA, TARSHISH and HERSKOWITZ | May 4, 2015 | Exclusive Homes Scheme | Interstate bank wire transfer of $239,483.88 related to short sale of 177 Lewis Avenue, Brooklyn, New York |
| SEVEN | ARONOV, DAFNA, TARSHISH and HERSKOWITZ | August 25, 2016 | MIP Scheme and Exclusive Homes Scheme | Interstate bank wire transfer of $238,798.00 related to short sale of 2403 Dean Street, Brooklyn, New York |

Ind. ¶¶ 41-42.

As alleged earlier in the Indictment, Herskowitz sent the three wire transfers that are referenced in Counts Four, Six and Seven. Ind. ¶¶ 28(d), 31(e), 32(f).

Also, as alleged in the Indictment, two of these short sale transactions, the sale of 1210 Jefferson Avenue and 2403 Dean Street, were initiated at MIP and completed at Exclusive Homes after certain of the Short Sale Co-Conspirators moved from MIP to Exclusive Homes. See Ind. ¶¶ 28, 32. With respect to the short sale of 177 Lewis, the government alleged that Aronov, Dafna and Tarshish, together with others, "coordinated" the short sale transaction of 177

5

Lewis Avenue, and specifically that Herskowitz was involved in this fraudulent short sale transaction as he wired the payoff of $239,483.88 to the servicer in connection with the closing of the sale. Ind. ¶¶ 31(e), 40-42 (Count Six). In addition to wiring money to loan servicers, the Indictment also alleged that Herskowitz wired approximately $153,095 to Short Sale Co-Conspirator 2 in connection with the 2403 Dean Street short sale (Ind. ¶ 32(f)), and that "neither the actual purchase price paid by Aronov to purchase 2403 Dean Street nor the past and future payments to the 2403 Dean Street Seller and the Short Sale Co-Conspirators had been disclosed to the servicer." Ind. ¶ 32(d).

Each count set forth in the Indictment tracked the statutory language of the charged crime, and alleged that each defendant "knowingly and intentionally" committed each crime. The substantive wire fraud counts also include an aiding and abetting charge pursuant to Title 18, United States Code, Section 2.

b. The Defendant's Motion

In his motion to dismiss, Herskowitz argues that the Indictment does not provide him with sufficient notice of the charged crimes. Herskowitz Mem. at 2. In particular, Herskowitz complains that he is not mentioned very often in the speaking section of the Indictment, and while he notes that the Indictment alleged that he participated in closing or facilitating certain fraudulent short sale transactions, the Indictment does not allege that he "participated in the actual arrangements" for those sales. Id. at 3. In addition, Herskowitz states that while he is charged in Counts One and Six, the Indictment contains "no factual allegations supporting his involvement in either count and makes clear that he was not involved in those Counts." Id. at 4. As to Counts Two, Four and Seven, Herskowitz states that the Indictment "alleges only that he wired payoff and/or proceeds funds at the closing" and not that

6

he "participated in or even that he was told of the short sale arrangements." Id. Herskowitz claims that "there is not one allegation in the Indictment that Mr. Herskowitz arranged any short sale, provided any misinformation and/or withheld information from any lender, and/or that he was informed of such misinformation and/or withholding by others." Id. Furthermore, Herskowitz complains that the Indictment fails to contain "any allegations of any communications between Mr. Herskowitz and his co-Defendants that would suggest guilty knowledge, a conspiratorial agreement, and/or a complicit mens rea." Id. at 6. In sum, Herskowitz claims that the Indictment does not contain allegations that show how the government would prove that Herskowitz had the requisite knowledge and intent required to be found guilty of the charged crimes.

II. Argument

    a. Legal Standard

Federal Rule of Criminal Procedure 12 states that a defendant may move before trial to dismiss an indictment that lacks "specificity" or "fail[s] to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). "The dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights." United States v. Raniere, 384 F. Supp. 3d 282, 299 (E.D.N.Y. 2019) (quoting United States v. De La Pava, 268 F.3d 157, 165 (2d Cir. 2001)). In evaluating a motion to dismiss, the Court "accept[s] as true all of the allegations of the indictment." United States v. Goldberg, 756 F.2d 949, 950 (2d Cir. 1985).

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). But in order "to satisfy the pleading requirements of Rule 7(c)(1), an indictment need do little more than to track

7

the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Stringer, 730 F.3d 120, 124 (2d Cir.2013) (internal quotation marks and citation omitted). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Id. (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). "[T]he indictment need only allege the 'core of criminality' the Government intends to prove at trial, since the indictment is 'read ... to include facts which are necessarily implied by the specific allegations made.'" United States v. Budovsky, No. 13-CR-368 (DLC), 2015 WL 5602853, at *3 (S.D.N.Y. Sept. 23, 2015) (alteration in original) (quoting United States v. Rigas, 490 F.3d 208, 229 (2d Cir.2007)); see also United States v. Faison, 393 Fed. Appx. 754, 757 (2d Cir. 2010); United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002)). Finally, when reviewing an indictment for sufficiency, "common sense must control." United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992);see also United States v. Torres, 191 F.3d 799, 805 (7th Cir. 1999) (noting that a court must review an indictment "as a whole, rather than in a hypertechnical manner") (quotation marks omitted).

Further, "in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." United States v. Wydermyer, 51 F.3d 319, 325 (2d Cir. 1995) (quoting Wong Tai v. United States, 273 U.S. 77, 81 (1927)). The rationale is that the crime of conspiracy is complete whether or not the substantive offense which was its object was committed. Id. An indictment charging conspiracy to commit an offense also need not specifically allege the

8

existence of an agreement or that the defendant willingly joined the conspiracy because "[b]y definition, conspiracies require agreements," and the "charge of conspiracy to violate a criminal law has implicit in it the elements of knowledge and intent." United States v. Zullo, 581 Fed. Appx. 70, 71 (2d Cir. 2014) (internal quotations and citations omitted).

An indictment is not subject to pre-trial challenge based on the quality or quantity of the evidence. United States v. Williams, 540 U.S. 36, 54 (1992); United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) ("[T]he sufficiency of the evidence is not appropriately addressed on a pre-trial motion to dismiss."); see also United States v. Yakou, 428 F.3d 241, 246 (D.C. Cir. 2005) ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context[.]"). Indictments do not have to set forth evidence or details of how a crime was committed. United States v. Carrier, 672 F.2d 300, 303-04 (2d Cir. 1982)); see also United States v. Hidalgo, 2015 WL 3853071 (W.D.N.Y. June 17, 2015) (concluding that "there is no basis for this Court to even consider a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure" when the defendant's motion was predicated on disputed facts, as "[w]hether or not the government will succeed in establishing the elements of the crimes charged in the Superseding Indictment sufficient to survive a motion pursuant to Rule 29 of the Federal Rules of Criminal Procedure is ... not a matter properly decided on a pretrial motion to dismiss"); United States v. Giordano, 260 F. Supp. 2d 477, 480 (D. Conn. 2002) ("It is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence.") (quotation marks and citation omitted); United States v. Elson, 968 F. Supp. 900, 905 (S.D.N.Y. 1997) ("[A] challenge to the sufficiency of the evidence does not provide a basis for dismissal of the Indictment or for holding a pre-trial hearing"). Where a question raised by a defendant in a pre-trial motion to dismiss is

"intermeshed with questions going to the merits, the issue should be determined at trial." Alfonso, 143 F.3d at 777 (denying a pre-trial motion to dismiss an indictment, in part, because "the requirement of an effect on interstate commerce is itself an element of the offense charged, and the determination of whether the jurisdictional element has been satisfied is part and parcel of the inquiry into the 'general issue' of whether the statute has been violated."); see also United States v. Perez, 575 F.3d 164, 166 (2d Cir. 2009) (defendants "had no basis to challenge the sufficiency of the indictment before trial because it met the basic pleading requirements and was valid on its face… the defect of which the Defendants complain is the sufficiency of the Government's proof of the elements of the offense it chose to charge in the indictment."); United States v. Doe, 63 F.3d 121, 125 (2d Cir. 1995) (resolution of factual issue required trial and is not properly decided in pretrial motion); United States v. Levin, 973 F.2d 463, 467-70 (6th Cir. 1992) (courts are not permitted to "invade the province of the ultimate finder of fact" in deciding a Rule 12 motion).

    b. <u>The Indictment is Sufficient</u>

Herskowitz's attempt to challenge the facial validity of the Indictment should be rejected. The Indictment clearly satisfied the pleading requirements of Rule 7(c)(1) for each Count, adequately described each of the charged offenses, and fairly informed Herskowitz of the charges against which he must defend.

While Herskowitz claims that the Indictment is "silent" as to his role in the charged short sale fraud Counts (Herskowitz Mem. at 2), his claim is both untrue and irrelevant. The Indictment did not merely identify Herskowitz as a real estate attorney who was simply present at certain real estate transaction closings. Indeed, in addition to the language contained in each relevant Count, the Indictment also alleged that Heskowitz:

- "assisted the Short-Sale Co-Conspirators in completing certain fraudulent short sale transactions originated by both MIP and Exclusive Homes," (Ind. ¶ 19);

- worked on fraudulent short sales where the primary beneficiaries of the Short Sale Scheme were Dafna and Tarshish (Ind. ¶ 25);

- wired funds to complete three of the fraudulent short sale examples described in the Indictment (Ind. ¶¶ 28(d), 31(e), 32(7)), including wiring over approximately $238,798 to a bank account designated by the servicer and approximately $153,095 to a Short Sale Co-Conspirator, both in connection with the short sale transaction of 2403 Dean Street where the loan servicer approved a short sale at a purchase price of $265,000 but the actual purchase price paid by co-defendant Aronov was at or above $525,000 (Ind. ¶ 32.

- The government alleged that the loan servicer, in violation of the short sale conditions it had imposed, was not told of the actual purchase price or the amounts paid to the Short Sale Co-Conspirators. Ind. ¶ 32(d).

Moreover, to the extent that Herskowitz complains about the quantity of evidence set forth in the Indictment, as described above, there is simply no requirement that an Indictment set forth the government's evidence, explain how it will prove the charges or allege all the specific facts that show that the defendant is guilty of the charged crimes.

It is the government's burden to prove at trial the existence of the conspiracies charged in Counts One and Two existed, that Herskowitz knowingly and intentionally joined those conspiracies, and that Herskowitz knowingly and intentionally committed the charged substantive wire fraud counts, and the government will present evidence explaining how the defendant's conduct is part of the charged crimes. But the Indictment is more than sufficient to put Herskowitz on notice as to those charged crimes and, accordingly, his motion should be denied.

CONCLUSION

For the reasons set forth above, the government respectfully submits that the defendant Michael Herskowitz's motion to dismiss the Indictment should be denied in its entirety.

Dated: Brooklyn, New York
May 14, 2021

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney
Eastern District of New York

   /s/
Shannon C. Jones
John Vagelatos
Assistant U.S. Attorneys
(718) 254-6379 (S. Jones)

Cc: Clerk of the Court (MKB)
Todd D. Greenberg, Esq. (By ECF)